## FRENCH vs BENNETT.

### Opinion delivered June 8, 1898.

1. *Venue—Jurisdiction of United States Commissioner in Criminal Matters.*

   The United States Commissioner for the Sixth District has jurisdiction to try a defendant, arrested upon a warrant charging the commission of the offense in that district, although the complaint through a clerical error charged it as having been committed in another district.

2. *Appeal—Jurisdiction—Amendment.*

   The commissioner having jurisdiction to try defendant, the United States Court had jurisdiction to try him on appeal, and an amendment of the complaint to make it conform to the warrant was immaterial.

3. *Habeas Corpus—Costs.*

   In a habeas corpus proceeding the court has no power to retax costs. Its only authority is to remand or release the prisoner.

Original proceedings in habeas corpus brought by Thomas French to release him from the operation of a judgment of the United States Court for the Northern District. Petition denied and prisoner remanded.

The petitioner in this case, Thomas French, states that he is a citizen of the United States; that he was arrested on a warrant issued by Robert L. McClure, United States commissioner for the Sixth commissioner's district of the Northern district of the Indian Territory, and that said warrant was issued upon a complaint, filed before said commissioner, charging petitioner with the crime of malicious mischief, and charging that said crime was committed on the 10th day of July, 1897, in the Fourth commissioner's district in said Northern district; that upon the trial before

the commissioner the petitioner was convicted of said offense, from which judgment and conviction he appealed to the United States Court for the Northern district of the Indian Territory, at Vinita; that in said district court the petitioner was tried at the October, 1897, term (Hon. John R. Thomas, judge presiding,) upon a warrant issued in the case, and was convicted, and upon his motion he was granted a new trial; that at the January, 1898, term of said court, the complaint upon which the warrant was issued was so amended, by permission of the court, as to make the complaint charge the crime to have been committed in the Sixth commissioner's district, and the petitioner, again being placed upon trial (the same judge presiding,) was convicted, and by the court adjudged to pay a fine of $100 and costs, and to stand committed until said fine and costs were paid, and to be imprisoned in the United States jail for 90 days; that upon this judgment and sentence he was committed to the United States jail at Muskogee, where he has remained until this time.

*Edmiston & Merrell*, for petitioner.

*P. L. Soper*, for respondent.

SPRINGER, C. J.    The contention of the petitioner in this case is that the United States commissioner had no jurisdiction to try, sentence, and commit the petitioner, for the reason that he was not charged with the commission of a public offense within the jurisdiction of said commissioner's court, and for the further reason that said commissioner had no jurisdiction to administer the provisions of the Laws of 1889, under which petitioner was tried and convicted, and also that the United States court for the Northern district of the Indian Territory acquired no jurisdiction on the appeal, and could not assume jurisdiction, nor acquire the same, by permitting the amendment to the complaint, which had

spent its force when the said warrant was issued, and that the said district court could not have amended into jurisdiction, even if the trial was properly upon the complaint instead of upon the warrant. Therefore the petitioner complains that he is illegally restrained of his liberty by the United States marshal for said district. It is further stated in the papers that, since the trial and conviction in the United States court at Vinita, the warrant upon which petitioner was arrested has been lost, and cannot now be found with the papers in the case. It is, however, stated in the argument that the warrant was in the usual form, and that it charged the offense to have been committed in the Sixth commissioner's district—the district in which the petitioner was tried by the United States commissioner. It is also conceded in the argument that the evidence before the commissioner and before the United States court was to the effect that the offense for which the petitioner was tried and convicted was committed in the Sixth commissioner's district.

This court is of opinion that (the warrant upon which petitioner was arrested having charged the offense to have been committed in the Sixth commissioner's district, and the proof having corresponded with that allegation) the commissioner had jurisdiction of the offense, and also that he had jurisdiction of the person; and the proof showed that the allegation in the complaint as to the Fourth district was a clerical error. Hence the United States court, on appeal, had the same jurisdiction to hear and determine the case <span>Jurisdiction.</span> that the commissioner had, and the amendment to the original complaint which was allowed in the United States court was immaterial, and did not change the fact that the warrant npon which he was arrested charged the offense to have been committed in the Sixth district. The United

(3)

States court therefore had jurisdiction of the offense and of the petitioner.

There is in the papers in the case an application to this court, by the attorneys for the petitioner, to retax the costs herein. This case coming up upon petition for habeas corpus, and not on appeal, this court has no power to retax costs in the court below. The only jurisdiction which this court has is to discharge or remand the prisoner. The court is of opinion that the United States court which tried this petitioner had jurisdiction of his person, and of the offense with which he was charged, and that his conviction is in accordance with law. He is therefore remanded to the custody of the United States marshal for the Northern district of the Indian Territory.

*Retaxing costs.*

CLAYTON and TOWNSEND, JJ.. concur.